The TRUSTEES OF MORTGAGE TRUST OF AMERICA, d/b/a Sussex Club, Plaintiff-Appellee,

v.

James HOLLAND, Chairman, Board of Commissioners, Clarke County, Georgia, et al., Defendants-Appellants.

No. 76–3841
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 20, 1977.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**238**

John Ray Nicholson, Ernest De Pascale, Jr., Athens, Ga., for defendants-appellants.

J. Edward Allen, Athens, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff was refused a license to sell alcoholic beverages by the County Commissioners of Clarke County, Georgia, because plaintiff's property was not located in a district in which liquor sales are permitted by local ordinance. When plaintiff brought suit, the district court decided that the ordinance limiting liquor licenses to certain specified zones was so arbitrary and irrational as to violate the due process and equal protection clauses of the Constitution, and exceeded the police powers of the County. The court enjoined enforcement of the ordinance. We reverse.

Regulations pertaining to the sale of alcohol are entitled to special deference when challenged in court. "[T]he broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare and morals." *California v. LaRue*, 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972). *Accord Seagram & Sons v. Hostetter*, 384 U.S. 35, 42, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966); *United States v. Frankfort Distilleries*, 324 U.S. 293, 299, 65 S.Ct. 661, 89 L.Ed. 951 (1945); *Sandbach v. City of Valdosta*, 526 F.2d 1259 (5th Cir. 1976); *Parks v. Allen*, 426 F.2d 610 (5th Cir. 1970). At the same time, because it supplements a zoning enactment, the ordinance in this case is also entitled to the traditional deference afforded by the courts to local zoning ordinances. *See Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Only a minimal showing of rationality is necessary to enable a liquor zoning ordinance to withstand constitutional attack, because "zoning legislation may be held unconstitutional only if it is shown to bear no possible relationship to the state's interest in securing the health, safety, morals, or general welfare of the public and is, therefore, manifestly unreasonable and arbitrary." *City of Highland Park v. Train*, 519 F.2d 681, 696 (7th Cir. 1975), *cert. denied*, 424 U.S. 927, 96 S.Ct. 1141, 47 L.Ed.2d 337

(1976). The mere fact that the sale of intoxicating liquor is permitted in some zones while it is prohibited in others does not of itself constitute an unconstitutional discrimination against persons residing or property located in the latter. Nor is it a ground of objection to the inclusion of particular premises in a prohibited area that similarly situated premises of the same general character are excluded. Annot., 9 A.L.R.2d 877, 883 (1950).

■ In this case, Clarke County, located in northeast Georgia, contains the city of Athens and unincorporated areas. Because the citizens of Clarke County have voted to permit the sale of alcohol in the County under Georgia's local option law, see Ga. Code Ann. § 58–1001 et seq. (Supp.1976), the County Commissioners were obliged to devise an orderly mechanism for the issuance of liquor licenses. The Commissioners have no power to completely prohibit the sale of liquor in the County once the voters have decided to permit it. *Thomas v. Ragsdale*, 188 Ga. 238, 3 S.E.2d 567, 570 (1939). The Commissioners of the County had enacted a zoning ordinance covering the unincorporated portions of the County. *See* Ga.Code Ann. § 69–1201 et seq. (1967). That ordinance created thirteen different zoning categories. Three business districts were created under this system, designated B–1, Local Business, B–2, General Business and B–4h, Highway Business. A subsequent ordinance "Regulating the Sale of Alcoholic Beverages" is at issue here, and it provides that "[n]o license shall be issued hereunder for the retail sale of alcoholic beverages unless the location for which such license is issued is zoned B–1 or B–2 under the current zoning ordinance of Clarke County . . . ."

■ The district court could find no rational basis for singling out two of the three business zoning districts in the alcohol ordinance. It held there was a "striking similarity" between zones B–1 and B–2 on the one hand and zone B–4h on the other, and thus concluded that the selection made in the alcohol ordinance was arbitrary and unreasonable, and therefore unconstitutional.

The record discloses, however, that the County Commissioners have demonstrated a legitimate connection between the ordinance and the state interest in protecting public health, safety, and morals. Commissioner Holland informed the court that, unlike the two other business zones in the County, there were substantially more residences in the B–4h zone. He stated that the purpose of this limitation was to limit liquor by the drink sales to areas of the County primarily used for commercial purposes, and to segregate liquor by the drink sales from areas with a high incidence of residential use. As Mr. Holland put it, "neighbors object and call at midnight or early in the morning and say, 'Listen to this, what's going on down there?' I have had this happen, you know, they complain about the noise and rowdiness of the area so, therefore, this was one decision that helped us keep it in the B–1 and B–2 zones." He testified that this legislative decision was based on the nature of the actual use of property rather than the possible or the permitted use in the zoning resolution of Clarke County. Focusing on actual use, rather than permitted use as the district court did, illustrates sufficient rationality to preclude further judicial scrutiny into legislative motives.

■ Possible future conversion of residential properties to business use in B–4h zones does not warrant ignoring the justification advanced by the Commission. *New Orleans v. Dukes*, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976), clearly established that in considering challenges to local ordinances, only present circumstances are relevant in assessing the rationality of the state's motives.

■ Unless the sale of liquor is to be permitted in every area of the County, lines must be drawn in some fashion or another. It is not the function of the federal courts to draw those lines for the states. It is not even the function of the courts to pass judgment on the wisdom of those lines, so long as they are minimally rational and do

not offend the Constitution. Every zoning district is both similar to and yet distinct from every other. Just because the distinction in this case between the B–4h zone on the one hand and the B–1 and B–2 zones on the other was not as great as the distinctions between all three business zones and the residential zones furnishes no valid reason for the federal court to assert that the placement of the line was incorrect.

The order of the district court granting an injunction is

REVERSED.