**BAMM, INC., Plaintiff-Appellant,**

v.

**GAF CORPORATION,
Defendant-Appellee.**

**No. 80–7659.**

United States Court of Appeals,
Fifth Circuit.
Unit B

July 23, 1981.

Lee & Clark, Fred S. Clark, Savannah, Ga., for plaintiff-appellant.

Sutherland, Asbill & Brennan, John A. Chandler, Jacqueline S. Miller, Atlanta, Ga., Pierce, Ranitz, Mahoney, Forbes & Coolidge, Thomas J. Mahoney, Jr., Savannah, Ga., for defendant-appellee.

Before HILL and VANCE, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

Bamm, Inc. appeals the district court's denial of its motion for leave to amend and to voluntarily dismiss under Rule 41(a)(2). Because we find that the district court abused its discretion in denying Bamm's motion for leave to amend, we reverse.

---

* Judge of the Northern District of Alabama sitting by designation.

Bamm is a small family corporation engaged in the roofing business in Georgia. On December 13, 1977 Bamm signed a contract with Kaiser Aluminum and Chemical Corporation to put a corrugated asbestos roof on Kaiser's fertilizer warehouse in Bainbridge, Georgia. Before bidding on the job, Bamm obtained a list of GAF Corporation's prices for corrugated asbestos. Subsequent to its signing the contract with Kaiser, Bamm ordered corrugated asbestos from GAF's salesman, Ed Gravenstein. On January 24, 1978 GAF sent the initial truckload of materials to Bainbridge, Georgia. Gravenstein personally delivered the invoice to appellant and received full payment for the goods. In March and April of 1978 GAF sent ten shipments of corrugated asbestos to Bamm. Various disputes occurred concerning the quality of the materials received by appellant. GAF was notified that some of the asbestos sheets were unsuitable for roofing purposes. Bamm and GAF unsuccessfully attempted to resolve their dispute.

On June 19, 1979 Bamm filed suit against GAF alleging breach of implied warranty of fitness for particular purpose and breach of implied warranty of merchantability. Subject matter jurisdiction was predicated on diversity. Bamm sought a total of $187,316.66 in damages, including the purchase price of the roofing plus consequential damages. GAF answered on July 12, 1979 and counterclaimed for $18,494.98 due on account.

On November 5, 1979 GAF filed a motion for partial summary judgment limiting damages solely to the purchase price of the roofing materials. GAF's motion was based on disclaimer language in a provision of the GAF invoices.[1] Bamm filed a timely response. On January 4, 1980 both parties filed a joint status report and both appeared at a joint status conference on January 29, 1980. On February 1, the district court granted GAF's motion for partial summary judgment with respect to the warranty action limiting recoverable damages to the purchase price of the roofing materials, $34,803.24 less a credit and excluded recovery of consequential damages.[2]

In response to the court's grant of partial summary judgment Bamm filed an amendment to the complaint on February 11, 1980 alleging negligence, fraud and strict liability. The amendment was allowed subject to objection. GAF answered on February 19 and filed its opposition to the amendment and in the alternative asked for summary judgment. A pretrial conference was held on February 21. At the conference appellant presented an amended version of the previously filed amendment as well as a brief in support of the motion. The district judge did not rule on the amendment at that time. On March 3 GAF submitted a brief opposing the amendment, citing undue prejudice, delay and the futility of the amendment.

On July 8, 1980, five months after Bamm initially sought to amend its com-

---

1. The eleven invoices for the shipments to Bamm from GAF contained the following language in boldface type:

   8. SELLER WARRANTS THAT THE MERCHANDISE DELIVERED HEREUNDER SHALL BE OF MERCHANTABLE QUALITY. SELLER DOES NOT MAKE AND SHALL NOT BE HELD LIABLE FOR ANY WARRANTY OF FITNESS FOR A PARTICULAR USE OR PURPOSE OR FOR ANY OTHER WARRANTY OF ANY KIND WHATSOEVER, EXPRESS OR IMPLIED. EXCEPT AS SET FORTH IN THE PRECEDING SENTENCE. BUYER ASSUMES ALL RISK AND LIABILITY WITH RESPECT TO RESULTS OBTAINED BY THE USE OF SUCH MERCHANDISE WHETHER USED ALONE OR IN COMBINATION WITH OTHER PRODUCTS. NO CLAIMS OF ANY KIND WHATSOEVER, WHETHER BASED ON BREACH OF WARRANTY, THE ALLEGED NEGLIGENCE OF SELLER, OR OTHERWISE, WITH RESPECT TO MERCHANDISE DELIVERED OR FOR FAILURE TO DELIVER ANY MERCHANDISE SHALL BE GREATER IN AMOUNT THAN THE PURCHASE PRICE HEREUNDER OF THE MERCHANDISE IN RESPECT OF WHICH DAMAGES ARE CLAIMED . . . .

2. The district court concluded that Bamm's warrant claims were limited by the language in the invoices to the purchase price. The court found that this was authorized by Georgia law. See Ga.Code Ann. § 109A-2-719(1)(a).

plaint, the district court entered an order denying Bamm's motion for leave to amend. The court reasoned that Bamm had "demonstrated no valid reason for its delay" in seeking to add new theories for the recovery of damages.[3]

Bamm requested the district court to dismiss the action without prejudice in order to bring suit in state court. The motion was denied.[4] Subsequently, GAF moved the court to enter judgment against it in the amount of the purchase price of the product and waived its right to proceed on the counterclaim. On August 15, 1980, six months after Bamm filed its amendment, the district court entered judgment against GAF for the purchase price of the product.

█ Our review of a district court's denial of leave to amend is limited to a determination of whether the court abused its discretion. *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Henderson v. United States Fidelity & Guaranty Co.*, 620 F.2d 530, 534 (5th Cir.), *cert. denied*, 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). In deciding whether to grant leave to amend ·the district court must take into account several factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *Foman v. Davis. Accord, Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980). *See generally* 6 C. Wright and A. Miller, *Federal Practice and Procedure* §§ 1487, 1488 (1971). The district court may also consider whether undue prejudice to the movant will

result from denying leave to amend. *Henderson v. United States Fidelity & Guaranty Co.; Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69, 75 (5th Cir. 1961).

█ Application of the foregoing principles to the facts of this case leads us to conclude that the trial court abused its discretion in refusing to allow Bamm to amend its complaint. The record is devoid of facts that would indicate that counsel for Bamm acted in bad faith with any dilatory motive. There was no undue delay in Bamm's filing a motion for leave to amend after partial summary judgment had been granted. Bamm's motion for leave to amend was filed on February 11, 1980 and was considered at the pretrial conference on February 21. *See Nevels v. Ford Motor Co.*, 439 F.2d 251, 257 (5th Cir. 1971) (amendments should be tendered before pretrial). The district court relied on *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) in which this court found that there was no abuse of discretion in refusing to grant leave to amend after summary judgment had been granted when there was no valid reason for the delay. *Freeman* is distinguishable from the present appeal, however, because only partial summary judgment was granted to GAF. The case remained on the district court's docket. The district court retained the motion under advisement for nearly five months before denying the motion. Much of the delay is attributable to the time spent in considering the motion. Bamm had not filed previous amendments. We are unable to perceive undue prejudice to GAF in allowing the addition of fraud and negligence claims to a warranty action involving the same transaction. Discovery had not been completed at the time of the filing of leave

---

3. On appeal Bamm contends that error was committed by the transfer of the consideration of the motion for leave to amend to a different district judge than the one who originally heard the motion and who was later scheduled to be the trial judge. We find no merit in this argument. *See United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969) ("District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice.")

4. Bamm also claims that the district court committed reversible error in failing to grant its motion to voluntarily dismiss under Fed.R. Civ.P. 41(a)(2). Because we reverse on the issue of denial of leave to amend, we need not reach this issue.

to amend.[5] Although a trial date had been scheduled, it was not adhered to because of the five month consideration of the motion. That period was surely sufficient to preclude any hardship to GAF as a result of the amendment.

There would be irreparable prejudice to Bamm if leave to amend is not granted because of the court's order limiting damages to the purchase price. Fed.R.Civ.P. 15(a) emphatically states that "leave shall be freely given when justice so requires." In the face of such a rule and the lack of prejudice to GAF, the district court should have granted leave to amend.

REVERSED AND REMANDED.

5. In response to the court's inquiry at oral argument GAF's counsel stated that it probably would be necessary to retake plaintiff's deposition. It is clearly within the district court's discretion to tax all costs of such additional deposition against Bamm.