**William Mac DURHAM d/b/a Durham Wrecker Service, Plaintiff-Appellant,**

**v.**

**Ralph JONES, Sheriff, Walker County, State of Georgia, in his Official and Individual capacity, Defendant-Appellee.**

**No. 82–8545**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 1983.

**1180**

Don C. Keenan, Atlanta, Ga., for plaintiff-appellant.

Norman S. Fletcher, LaFayette, Ga., for defendant-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Plaintiff filed this action against Ralph Jones, sheriff of Walker County, Georgia, pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief which will require the sheriff to place the plaintiff's name on a list used for towing automobiles. The district court denied relief. We affirm.

As a preliminary matter, we note that appellant did not order in writing a transcript of such parts of the proceeding as he deemed necessary within fifteen days after filing his notice of appeal as required by Federal Rule of Appellate Procedure 10(b) and Local Rule 14(a). Federal Rule of Appellate Procedure 3(a) authorizes the court to dismiss the appeal for noncompliance with these rules. *See Thomas v. Computax Corp.*, 631 F.2d 139 (9th Cir.1980) (appeal dismissed for failure to comply with Rule 10(b)). We decline to take such a harsh step in this case. Securing an adequate basis for allowing meaningful intelligent appellate review underlies these procedural requirements. In *Thomas*, the appellant argued that the evidence before the trial court was insufficient to support the findings and judgment. *Id.* at 141. In the case at bar, Durham primarily attacks the trial judge's conclusions of law. While we will not dismiss the appeal, we necessarily conclude that the evidence supports the district judge's findings of facts.

Mac Durham is in the garage and wrecker business in Walker County, Georgia. He has obtained all applicable licenses and permits required by state and local law. The Walker County sheriff's department neither maintains its own towing or wrecker service nor contracts for any towing services. For his convenience, the sheriff maintains a list of wrecker services which are rotated on a monthly basis. The list is not publicly displayed. The sheriff also has a policy that his department will call any wrecker service requested by a vehicle's owner. No printed rules or regulations govern the list. The sheriff does not require a formal application or follow a formal review process. He has not established a bidding procedure with regard to the list, does not contract with persons or firms on the list, and does not employ, regulate, license, or pay them for these services.

Durham has asked to be included on the wrecker list a number of times; the sheriff has denied the request on each occasion. Durham claims that he has been excluded because he is an active political opponent of Jones. The sheriff denies this claim, noting that he does not require his employees or people on the wrecker list to support him in political campaigns. Sheriff Jones bases his selections for the list upon the operator's reputation, character, qualifications, and encounters with the sheriff's department. He claims that Durham does not satisfy these criteria. Durham admits that he had been found guilty of driving under the influence of intoxicants four or five times during the 1960's, that he had been found guilty of driving under the influence around March 1979, that he had been given a warning by the state patrol in 1979 for speeding to the scene of an accident in his wrecker, and that on several occasions, he had driven his wrecker to accidents after drinking several beers. Durham has had numerous complaints and arguments with various persons and a number of warrants have been taken out for him. Durham has no insurance coverage protecting the vehicles he has towed once they are placed on his lot. A deputy sheriff once refused to let Durham tow a vehicle to which his rig was attached because he smelled alcohol on Durham's breath.

Appellant first argues that the sheriff's method of formulating the wrecker list violates due process. Second, Durham argues that the sheriff has not satisfied his burden of persuasion that political retribution motivated the appellant's exclusion from the list.

Durham has failed to establish that Sheriff Jones deprived him of an interest within the fourteenth amendment's protection of liberty and property. *See, Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In *Roth,* the Court held that the range of interests protected by procedural due process is not infinite. 408 U.S. at 570, 92 S.Ct. at 2705. Appellant's contention that the sheriff's posting of the list deprived him of "liberty" cannot withstand scrutiny in light of the district court's finding that the list was not posted.

In order to have a property interest within the protection of procedural due process, a person must have more than an abstract need or desire for a particular benefit. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. While absence of a contractual right to employment does not preclude the existence of a property interest, plaintiff must show a mutually recognized entitlement, as opposed to a unilateral expectation of a benefit, to establish the existence of a property interest. *Perry,* 408 U.S. at 602–03, 92 S.Ct. at 2700; *Winkler v. County of DeKalb,* 648 F.2d 411, 413–14 (5th Cir.1981). The district court found that Sheriff Jones has never listed plaintiff's service and has not used his wrecker service. Consequently, Durham's interest constitutes a unilateral expectation. Sheriff Jones' decision has only affected Durham's ability to receive business from the Walker County sheriff's department and has not affected either Durham's right to operate a towing service or his ability to perform this service for other law enforcement agencies.

Durham's failure to request a transcript precludes us from addressing the merits of his second contention. The district court found that the preponderance of the evidence supports Sheriff Jones' position that he did not place plaintiff on the list on the basis of the latter's reputation, character, qualifications and encounters with the sheriff's department.

The judgment of the district court is therefore

AFFIRMED.