**534**

Albert CREWS, Appellant,

v.

Hiram UNDERCOFLER, Commissioner of Revenue of the State of Georgia, Appellee.

Hiram UNDERCOFLER, Commissioner of Revenue of the State of Georgia, Appellant,

v.

Albert CREWS, Appellee.

No. 23502.

United States Court of Appeals Fifth Circuit.

Jan. 24, 1967.

Wesley R. Asinof, Atlanta, Ga., for appellant.

William L. Harper, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before BROWN, BELL and DYER, Circuit Judges.

BELL, Circuit Judge:

Appellant sought declaratory and injunctive relief in the District Court against the Georgia Revenue Commissioner because the Commissioner denied him a retail liquor dealer's license. His suit, premised on the civil rights statutes, claims a deprivation of due process and equal protection of the laws within the guaranty of the Fourteenth Amendment. 28 U.S.C.A. § 1343; 42 U.S.C.A. § 1983.

The sale of liquor is authorized in Georgia on a local option basis with the option being vested in the registered voters of each county. Ga.Laws 1937–1938, Ex.Sess., p. 103 et seq., Ga.Code § 58–1001 et seq. The sale of liquor was authorized in Glynn County in 1938. Under the Georgia statutes an applicant must obtain two licenses in order to sell alcoholic beverages; one locally, and one from the State Revenue Commissioner. The local license must be obtained first. It is to be issued by the unit of government in which the business is to be operated, i. e., the municipality within a county if the business is to be within the corporate limits of a municipality, or

the county if the business is to be located outside the limits of a municipality. Ga.Laws, supra, p. 103, 112, Ga.Code § 58–1031. Here the operation was to be on Jekyll Island which is outside a municipality but within Glynn County.

Appellant obtained a license from Glynn County for the operation on Jekyll Island. The license was issued under standards promulgated in 1938 after the county legalized the sale of alcoholic beverages. The Revenue Commissioner refused to grant the state license on two grounds. One, the authority to issue the local license was vested in the Jekyll Island State Park Authority and not Glynn County. Hence, appellant was without the necessary local license. Two, the sale of alcoholic beverages on Jekyll Island would violate the policy of the state not to allow such sales in state parks.

The facts are that Jekyll Island, an island off the coast of Georgia adjacent to and a part of Glynn County, was acquired by the State Parks Department in 1945. It was transferred in 1950 by a ninety nine year lease to the Jekyll Island State Park Authority, an instrumentality of the State of Georgia. Georgia Laws 1950, p. 152 et seq., Ga.Code § 43–608a. Although a part of Glynn County for voting and court purposes, the General Assembly vested all police powers over the island in the Authority subject to being delegated to the state or Glynn County.[1] Properties on Jekyll are leased by the Authority and appellant is a lessee of hotel properties.

The Act legalizing the sale of liquor in Georgia, supra, recognizes that licensing is a part of the local police power. Georgia Code § 58–1028. The reference is to county and municipal police power and this ties in with the provision of the Act which requires a local license as a condition precedent to the issuance of a license by the state. Code § 58–1031, supra.

The question before the Commissioner turned on whether the police power over liquor licensing is vested in the Jekyll Island Authority or in Glynn County. There was no claim that any police power whatever had been delegated to Glynn County by the Authority. The police power over Jekyll Island was in the state by virtue of its ownership and was then transferred to the Authority. It resided in the Authority subject to being delegated under the Act, supra. See Cranston v. Mayor, etc., of City of Augusta, 1878, 61 Ga. 572. In view of the absence of a license from the Authority, we cannot say that the Commissioner denied appellant due process of law or equal protection of law.

There was no denial of due process by reason of the fact that the Revenue Commissioner ruled against appellant as a matter of law and without a hearing. The case of Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605 is inapposite. It turned on the failure of the City of Atlanta to adopt proper licensing standards and to afford procedural due process to liquor license applicants. Here there was no absence of standards. A local license was required. There was no lack of procedural due process. No factual hearing was indicated. The Commissioner published his reasons for the denial in an executive order.

The additional reason given by the Commissioner for the denial of the license was the announced state policy that alcoholic beverages were not to be sold on Jekyll Island. Such a policy was shown for state parks. We need not decide whether this policy was applied to the Jekyll Island park which is a separate Authority.

1. Georgia Code § 43–614a (Ga.Laws 1950, pp. 152, 159):

"The Authority is empowered to exercise such of the police powers of the State as may be necessary to maintain peace and order and to enforce any and all zoning, user, and personal conduct restrictions upon the properties and facilities and the persons under its jurisdiction to the extent that such is lawful under the laws of the Nation, and the State; however, the authority may delegate all or any part of performance of this function for a time or permanently to the State and/or the county in which the park is located."

In short, for want of a predicate for the federal Constitution questions asserted, appellant cannot prevail. It is not necessary to reach the cross-appeal of the Commissioner in view of this conclusion.

Affirmed.