**W. W. CHESSER, Appellant,**

v.

**B. Ed JOHNSON, Mayor, City of Columbus, et al., Appellees.**

**No. 24827.**

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1967.

Rehearing Denied Jan. 25, 1968.

Jack M. Thornton, J. Gordon Young, Columbus, Ga., for appellant.

Lennie F. Davis, Columbus, Ga., for appellees.

Before BROWN, Chief Judge, and FAHY * and DYER, Circuit Judges.

PER CURIAM:

On August 22, 1966, appellant applied to the city authorities of the city of Columbus, Georgia, for a license to sell malt beverages at his service station located in the city, the beverages to be consumed off these premises. After a hearing granted by the Board of Commissioners of the city, who are appellees, the license was denied on September 19, 1966. Appellant then sued in the United States District Court, joining the Board Members as defendants, and praying that they be enjoined from failing to issue a license to him as applied for, and for kindred relief. He based his complaint upon the principles announced by this court in Hornsby v. Allen, 5th Cir., 326 F.2d 605. The District Court held that the Board had acted within its authority in denying the license and dismissed the complaint. On this appeal appellant presses his contentions based on Hornsby v. Allen, particularly that denial of the license was based on grounds not set forth in the ordinance which was applicable at the time.

We do not reach the merits of the case; for on October 3, 1966, subsequent to the denial, the Board adopted a new ordinance regulating issuance of alcoholic beverages licenses. Assuming arguendo that appellant would prevail should the merits he presses be decided, that is, that we were to reverse on the ground the denial could not be sustained in light of Hornsby v. Allen, appellant would not be entitled to an order of the court requiring the issuance of a license to him. It would be necessary for his right to a license to be considered under the standards of the ordinance governing the matter when it would come again before the Board. Moreover, due to the new ordinance were we to affirm we would also be deciding an issue no longer material to the controversy between the parties. The controversy must now take account of a supervening ordinance, which played no part in the Board's denial of September 19, 1966, the subject matter of the present case.

Thus any controversy over the license must now turn upon factors not litigated in this case. This situation prevailed also when the District Court rendered its decision. The appropriate procedure accordingly is to vacate its judgment and remand the case to that court to be dismissed as moot. McGrath, Attorney General v. National Ass'n of Manufacturers, 344 U.S. 804, 73 S.Ct. 31, 97 L. Ed. 627, citing Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15. For different but somewhat comparable reasons we held the appeals moot in Moon v. City of Athens, 5 Cir., 374 F.2d 887, and Moran v. Carswell et al., 5 Cir., 384 F. 2d 720.[1]

It is so ordered.

---

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. In each of those cases we pointed out that the licenses of the city of Athens, there involved, were for one year at a time. The licenses were for the year 1965, long since ended when the cases reached this court for decision. There were then new governing ordinances or procedures. It is not clear from the record in our present case that a one-year limitation attaches to licenses issued by the city of Columbus, but we think this possible difference does not require a different result on the issue of mootness.