**Rex OBERHELMAN, Plaintiff,**

v.

**Leroy SCHULTZE et al., Defendants.**

**No. 2–73–Civ–145.**

United States District Court,
D. Minnesota,
Second Division.

March 19, 1974.

John L. Connolly, Connolly & Heffernan, Ltd., St. Paul, Minn., for plaintiff.

George S. Roth, Carroll, Cronan, Roth & Austin, P.A., Minneapolis, Minn., for defendants.

DEVITT, Chief Judge.

In this action brought under the Civil Rights Act, 42 U.S.C. §§ 1983 & 1985, plaintiff alleges that defendants, acting individually and in concert under color of state law, deprived him of his substantive due process rights under the fifth amendment and his right to free speech under the first amendment made applicable to the states under the fourteenth amendment. Plaintiff seeks to recover damages on the grounds that defendant-city administrative assistant abused his official position in his recommendation to deny plaintiff's application for a 3.2 beer license and that defendants-city council members abused their official positions in their votes to deny plaintiff's application Jurisdiction exists under 28 U.S.C. § 1343(1) & (3).

**1090**

See Haaf v. Board of County Commissioners of Benton County, 337 F.Supp. 772 (D.Minn.1971). Oral argument was heard by the Court on February 5, 1974, and briefs were submitted for consideration by the Court in its disposition of the action on its constitutional merits. For the reasons expressed below, the Court is of the opinion that judgment should be entered in favor of defendants.

On April 5, 1973, plaintiff applied for a 3.2 beer license with the City of Fairmont, Minnesota. At a meeting of the Fairmont City Council, plaintiff's application was denied by a 6–2 vote of the council. The minutes of the meeting reflect that a letter from the city administrative assistant was presented which recommended that the application be denied. The evidence presented to the Court by way of depositions of plaintiff and defendants demonstrates that both the city administrative assistant's recommendation for denial and the council members' votes for denial were based on two predominant factors which unfavorably reflected on plaintiff's past business conduct in the community: (1) plaintiff's implementation of his own law enforcement program to deal with shoplifters caught in his store; and (2) plaintiff's sales of sex-oriented literature in his store. Moreover, there is a showing that the council members were urged by plaintiff to reach a decision regarding his application immediately even though the general attitude of the members was to the effect that they would need more time to consider the application if they were to do other than deny it. It was these considerations that prompted the council members to vote for denial of plaintiff's application.

■ The first issue is whether defendants are absolutely immune from suit as public officials of the city. Although there is not complete judicial agreement on this issue, the Court finds that the city administrative assistant and the council members are "not clothed with complete immunity but [enjoy] instead a qualified privilege." Nelson v. Knox, 256 F.2d 312, 315 (6th Cir. 1958). See also Cobb v. City of Malden, 202 F.2d 701 (1st Cir. 1953). Therefore, if the Court finds that defendants abused their discretion in the performance of their official duties, defendants would be liable in damages to plaintiff under the federal civil rights act.

The second issue is whether the recommendation of the city administrative assistant for denial of plaintiff's application and the denial of the application by the city council members violated plaintiff's constitutional rights to substantive due process or free speech. Generally, the State of Minnesota has conferred upon a municipality "the authority to license and regulate the business of vendors at retail or wholesale of non-intoxicating malt liquors." Minn. Stat.Ann. § 340.01. Furthermore, "[l]icenses . . . shall be issued only to persons . . . who are of good moral character and repute. . . ." Minn.Stat.Ann. § 340.02(8). Pursuant to the state's statutes, the City of Fairmont has enacted a city code which provides in part that the city council "may in its sole discretion and for any any reasonable cause refuse to grant any application [for a license to do business]. . . . No license shall be granted to persons of questionable moral character or business reputation." City Code of Fairmont § 4.03(5). In addition, the city code provides that "the administrative assistant shall upon receipt of each application [for a license to do business] . . . investigate the moral character and business reputation of each applicant. . . . The council shall not consider any application before such investigation has been completed." City Code of Fairmont § 4.02(5).

■ The Court finds that defendants did not abuse the broad discretion granted them as officials of the city in the denial of plaintiff's application. The evidence submitted establishes that neither the city administrative assistant nor the council members exercised judgment or action which this Court believes to be unconstitutionally arbitrary or capricious. On the contrary, the

record reveals that plaintiff has failed to carry his burden of proof with regard to his allegation that he was denied his right to substantive due process.

Similarly, the evidence does not support a finding that the acts of the administrative assistant or the council members abridged plaintiff's right to free speech. Taken as a whole, the factors found in the depositions which were relied upon by the council members in their decision to deny plaintiff's application do not rise to action which is constitutionally impermissible under the first amendment. Neither the administrative assistant's recommendation nor the council members' actions abused the discretion granted to municipalities by the state to regulate the licensing of businesses. *Cf.* California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), rehearing denied, 410 U.S. 948, 93 S.Ct. 1351, 35 L.Ed.2d 615 (1973). Therefore, plaintiff's denial of his application by the council members based on the evidence submitted as factors in their determination as well as the administrative assistant's recommendation of denial did not impinge upon plaintiff's right to free speech.

A review of the evidence submitted reveals that the recommendation of the administrative assistant to deny plaintiff's application and the ultimate denial of the application by six members of the city council do not constitute a violation of plaintiff's substantive due process or free speech rights under the fourteenth amendment. Defendants' actions were not unconstitutionally irrational in light of the broad discretion granted municipalities in regulating the licensing of businesses. Although the Court believes that the licensing of businesses by municipalities under the state's authorization is subject to constitutional protection if a plaintiff carries his burden of proof, we do not believe that "the Federal Courts sit as a super liquor board or a sort of extra-hierarchial appellate court in the stream of state jurisprudence to review non-constitutional errors of substance or procedure made by state licensing agencies." Atlanta Bowling Center, Inc. v. Allen, 389 F.2d 713, 716 (5th Cir. 1968). In the instant case, it was well within the discretion of the city officials to determine that plaintiff's past business conduct, as established by a fair preponderance of the evidence presented to this Court, was adequate reason for denial of plaintiff's application for a 3.2 beer license.

With regard to plaintiff's allegation under 42 U.S.C. § 1985 that defendants conspired to deprive plaintiff of the rights secured to him under the Constitution, the Court finds that the record is completely devoid of any evidence to support any such assertion of conspiracy. Accordingly, plaintiff has failed to carry his burden of proof that all defendants are liable in damages for conspiracy under § 1985.

For the foregoing reasons, it is ordered that judgment be entered in favor of defendants.