**David F. SANDBACH and Zippy Mart of Georgia, Inc., Plaintiffs-Appellants,**

v.

**CITY OF VALDOSTA et al., Defendants-Appellees.**

No. 75–3039
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 1976.

---

2. Why *plaintiff* seeks to appeal the *denial* of the motion to dismiss this cause is not obvious.

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Wilby C. Coleman, Valdosta, Ga., for plaintiffs-appellants.

H. T. Brice, Jr., City Atty., Valdosta, Ga., for defendants-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this action appellant brings a Fourteenth Amendment due process and equal protection challenge against the City of Valdosta, Georgia, for denying his application for a license to sell beer at his place of business because it is within 200 feet of a church. Prior to November 1974 a Valdosta municipal ordinance prohibited the issuance of a beer license to any establishment located within 200 feet of a church, boys' club, girls' club, public park or funeral chapel. On November 6 the Council deleted the distance requirement, prompting an application from plaintiff, owner of a convenience store located within 200 feet of a church. Sandbach's application came before the Council for consideration at the December 1974 meeting. Both parties recognize that at that time there was no legal reason why the application could not have been granted. A group of citizens appeared at the December meeting, however, to complain about eliminating the distance requirement with respect to churches. The Council tabled the plaintiff's application until the January 1975 meeting. At that meeting the City Council reinstated the prohibition against issuance of licenses for establishments within 200 feet of a church and denied plaintiff's application. Thereupon plaintiff brought this action in federal district court, where the court concluded that the plaintiff had not been deprived of any constitutionally protected right. Judgment was entered for the defendant. We affirm.

On this appeal, Sandbach relies most heavily on *Hornsby v. Allen,* 326 F.2d 605 (5th Cir. 1964). We have understood that case to require that liquor licensing agencies must set forth clear standards giving adequate notice, and must afford procedural due process in their application. *Crews v. Undercofler,* 371 F.2d 534, 535 (5th Cir. 1967). We have explicitly refused to read *Hornsby* as "holding that the Federal Courts sit as a super liquor board." *Atlanta Bowling Center, Inc. v. Allen,* 389 F.2d 713, 716 (5th Cir. 1968).

■ We note two controlling distinctions between *Hornsby* and the case before us. First, appellant Sandbach received a trial on the merits in the district court, whereas Hornsby's action had been dismissed on the pleadings. At trial Judge Elliott found as a matter of fact that no applicant similarly situated had received a license to sell beer, and hence Sandbach had suffered no discriminatory denial of equal protection. *Cf.*

*Niemotko v. Maryland,* 340 U.S. 268, 71 S.Ct. 325, 95 L.Ed. 267 (1951) (alternative holding). While another establishment, Holiday Market, located within 200 feet of a church, holds a license in Valdosta, the church was erected subsequent to the issuance of Holiday's license and Holiday was "grandfathered in." The two stores are factually distinct. The other applicants who received beer licenses under the 1974 amendment were not within 200 feet of a church, although they were previously prohibited by proximity to other places covered by the amendment. Appellant has not met the burden of proving Judge Elliott's finding of fact to be clearly erroneous. F.R. Civ.P. 52(a).

[2, 3] Second, *Hornsby* concerned due process infirmities in the application of longstanding licensing standards. Here, however, the November amendment of the standards with respect to the requirement of distance from churches was short-lived, and was never applied to any applicant at all. In essence, then, plaintiff is challenging the legislative determination of licensing standards rather than the adjudicatory application of established standards. We accord great flexibility and discretion to the legislative phase of liquor licensing. *Hornsby v. Allen, supra; Atlanta Bowling Center, Inc. v. Allen, supra.* The discretionary right of the state to regulate liquor sales, a dimension of its police power, is broad. *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); *Block v. Thompson,* 472 F.2d 587 (5th Cir. 1973); *Mayhue's Super Liquor Store, Inc. v. Meiklejohn,* 426 F.2d 142 (5th Cir. 1970). Having set a standard which on second thought proved unsound, the City certainly acted within its discretionary legislative power in changing that standard before applying it to any license application.

■ Plaintiff would have us hold as a matter of federal constitutional law that where an applicant qualifies for a license at some instant in time, he is automatically entitled to that license, regardless of subsequent licensing standards. To the contrary, we have explicitly refused to so constrain the state's power to amend licensing requirements. *Chesser v. Johnson,* 387 F.2d 341 (5th Cir. 1967). Appellee argues that this case is moot under *Chesser.* We held there that even if the Court were to find that due process had been denied under *Hornsby,* "[i]t would be necessary for his right to a license to be considered under the standards of the ordinance governing the matter when it would come again before the Board." *Id.* at 342. Here, however, the mootness issue is clouded by the assertion of a grandfather provision which permits nonconforming licensees to obtain renewal licenses without regard to current standards. We therefore have reached the merits of the appeal.

Affirmed.