Thomas JOHNSON and Joseph N. Seymour, Plaintiffs,

v.

Billy R. BROWN; J. Raymond Anderson; Paul Burden; Otis Childs, Jr.; Joe Johnson and Charles R. Starrett, Defendants.

Civ. A. No. 82–137–ATH.

United States District Court, M.D. Georgia, Athens Division.

May 17, 1984.

Daniel C.B. Levy, Atlanta, Ga., for plaintiffs.

Robert M. Heard, James I. Roberts, Elberton, Ga., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

OWENS, Chief Judge.

Plaintiffs submit the following as proposed findings of fact and conclusions of law:

Based on the pleadings, the discovery and the sworn evidence before the Court, including Plaintiffs' Motion for Summary Judgment, and Defendants' responses thereto and the sworn materials submitted therewith, the Court finds as a matter of fact, that:

1.

The first five named Defendants constitute the County Commission of Elbert County, Georgia, and as such are the legislative and governing body of said County; the Defendant Starrett is the Sheriff and chief law enforcement officer of said County.

2.

The Plaintiffs Thomas Johnson and Joseph H. Seymour are citizens of said County who seek licenses to sell malt beverages and wine therein and who made application to the Commissioners for such purposes on October 6, 1982.

3.

The Defendant Commissioners made no response to such application and have denied such licenses.

4.

Defendants have not established standards or regulations with which applicants for malt beverages and wine licenses might comply to obtain such licenses from the County Commission.

5.

There are in fact various establishments operating within the unincorporated area of Elbert County, Georgia on a regular basis, which sell and dispense malt beverages essentially to all who seek them, among which are the V.F.W. Post 5456 and American Legion Post 14, doing so without any formal written license from the Commission.

6.

The aforementioned sales are of such general knowledge and acceptance in the community that the Defendants are incontestably charged with awareness thereof.

7.

The establishments making such sales have operated at least since 1977 until the filing of this action without interference or interruption by either the Commissioners or the Defendant Sheriff or any other law enforcement agency.

8.

One can conclude from these circumstances that the governing authorities of the County have been willing to abide the existence of these establishments without protest or opposition because it filled a need or was a politically desirable and expedient solution to the problem posed by the fact of some segment existing in the community which wanted to purchase and consume alcoholic beverages, and this Court so concludes.

9.

From the above the conclusion must be, and is, that in acquiescing in the aforementioned sales over such an extended period of time, the Commissioners gave their consent to such sales, thus tacitly granting licenses to such vendors while at the same time denying them to the Plaintiffs and to those similarly situated.

CONCLUSIONS OF LAW

1.

This Court has jurisdiction of the dispute presented herein, by reason of the constitutional issues presented, under decisions rendered by the Fifth Circuit Court of Appeals: *Hornsby v. Allen*, 326 F.2d 605; *Block v. Thompson*, 472 F.2d 587; *Barnes v. Merritt*, 428 F.2d 284; *Parks v. Allen*, 426 F.2d 610 and other District Court decisions in this State applying the principles of

the aforementioned cases. 28 U.S.C.A. § 1343.

2.

The decisions of the Fifth Circuit Court of Appeals are binding on Courts sitting in the Eleventh Circuit Court of Appeals.

3.

The aforementioned authorities establish that there is sufficient interest in the sale of malt beverages for minimum due process standards to apply, requiring those charged with the discretionary authority to issue licenses, and to establish standards whereby the citizenry at large can be guided in the premises.

4.

Under the statutes of Georgia, the governing body of a County has the power to authorize and to issue licenses for the sale of malt beverages and wine and no such license can be issued without authorization from such body: *O.C.G.A.*, § 3–3–1 et seq. (formerly Ga.Code Ann. § 5A–501).

5.

The failure to issue such standards, while at the same time tacitly issuing licenses to some citizens, in the circumstances above outlined, constitutes a denial of due process and of equal protection under the law, and therefore a violation of the constitutional rights of the Plaintiffs herein and of any citizen similarly situated: 42 U.S.C.A. § 1983.

6.

From all of the above an Order should and does hereby issue enjoining the Commissioners of Elbert County, Georgia, from failing to issue County malt beverage licenses to the Plaintiffs unless within sixty (60) days from the date of such Order the Defendants demonstrate some valid basis for the denial of such licenses in accordance with the due process procedural standard which the Commission has set up by a clearly stated and defined process enacted by an Ordinance; the latter being subject to review by this Court as to its constitu-

tionality on application of the Plaintiffs if necessary.