Doyle S. McCOLLUM, Alan Dale McCollum, and McCollum Enterprises, Inc., Plaintiffs,

v.

The CITY OF POWDER SPRINGS, GEORGIA, a Georgia municipal corporation, acting By and Through its Mayor and Council, its governing authority, Defendant.

Civ. A. No. 88–CV–1119–JTC.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 6, 1989.

---

Garvis Leon Sams, Sams, Glover & Gentry, and David Phillip Hartin, Marietta, Ga., for plaintiffs.

D. Glenn Brock, Brock & Clay, Marietta, Ga., for defendant.

## ORDER OF COURT

CAMP, District Judge.

This matter is before the Court on plaintiffs' Motion for Summary Judgment, and defendant's Motion for Summary Judgment. For the following reasons, the Court GRANTS plaintiffs' Motion for Summary Judgment. The Court DENIES defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983, claiming that defendant's denial of an alcohol beverage permit was in violation of their Fourteenth Amendment due process and equal protection rights and caused them to incur damages. Plaintiffs also seek for the Powder Springs Alcohol Beverage Ordinance to be declared unconstitutional and a mandatory injunction, requiring defendant Powder Springs, Georgia, to issue a beer and wine retail package license to plaintiffs.

The plaintiffs, Doyle S. McCollum and Alan Dale McCollum, have made three applications for the issuance of a beer and wine retail license for the C & M Country Store. The C & M Country Store is a convenience store owned by plaintiff McCollum Enterprises, Inc. and located in Powder Springs, Georgia. It is undisputed that the convenience store is within a 300 foot radius of property lines of private residences.

Section 5–113 of the Powder Springs, Georgia "Alcoholic Beverage Ordinance" provides as follows:

Section 5–113. Location of Businesses— Distance from Residences.

No license hereunder shall be issued to any location which is within a 300 foot radius of a property line of a private residence; and the applicant shall have an appropriate survey by a registered surveyor which shows the radius line of

300 feet measured from the front door of the location and said survey shall be filed with the application. The private residence as defined in this section may be within or without the corporate limits of the City. Provided, however, should a residence be within 300 feet of a property line as described herein, the Mayor and Council may exercise its discretion and grant or deny the issuance of a license. (ORD. 80–2, 5–5–80).

On December 15, 1986, Doyle S. McCollum's first application was considered at a regular public meeting of the Mayor and Council of Powder Springs, Georgia. At that time, the convenience store had not yet opened. At this public hearing, two individuals spoke in opposition to the application. The Mayor and Council of Powder Springs, Georgia, denied McCollum's first application. The proffered reason that the subdivision was not yet occupied and the store was not yet open; therefore, the application should be denied so that the people could decide once they move in. *See* Affidavit of Doyle S. McCollum, ¶ 3. The decision denying the application and the reason therefore were never mailed or delivered to Doyle S. McCollum, as required by O.C.G.A. § 3–3–2(b)(2).

On June 1, 1987, Doyle S. McCollum's second application was considered at a regular public meeting of the Mayor and Council of Powder Springs, Georgia. At this public hearing, four individuals spoke in opposition to the application. This application was granted by a 3 to 2 vote of the City Council of Powder Springs, Georgia, but the Mayor, Richard Sailors, vetoed the Council vote to grant the license. The parties have stipulated that the reasons given by the Mayor for the veto fall short of the requirements of O.C.G.A. § 3–3–2(b)(2).

On May 2, 1988, the Mayor and City Council of Powder Springs considered Alan Dale McCollum's application for a beer and wine license for a third time at a regular public meeting. At the beginning of this hearing, the City Attorney announced that the application violated the portion of the Powder Springs Code, prohibiting issuance of a license to a location within 300 feet of a property line of a private residence. The City Attorney, however, stated "that the Council would have some discretion notwithstanding that violation to issue the beer and wine license." *See* Transcript of Hearing, p. 1. Five individuals spoke in opposition to McCollum's application at this hearing. The Council ultimately denied this application by a vote of 3 to 1. The plaintiffs only received notice as required by O.C.G.A. § 3–3–2(b)(2) after the complaint in this action was filed. This letter states:

> Although the governing body may, in its discretion, grant the issuance of a license despite the requirements of the above ordinance, a license will not be issued under this exercise of discretion where community members appear and speak in opposition to granting the license. As you know, four individuals spoke against your application.

The affidavit testimony of two Powder Springs City Council members states that the Powder Springs Alcohol Beverage Ordinance provides them with no direction for exercising their discretion for a license applicant within the 300 foot radius of a private residence. *See* Affidavits of Harold Norris and Paul Bourassa. These same Council members also testified by affidavit that applications are approved where residents living within a 300 foot radius of the proposed location do not oppose the application. *Id.* Only eight applications for new beer and wine retail licenses of establishments within 300 feet of private residences have come before the Mayor and Powder Springs City Council from May 5, 1980, to July 11, 1988. These applications indicate a pattern of approving alcohol beverage licenses for premises located within 300 feet of a private residence when no opposition exists. *See* Exhibits P–5 to P–12 in Stipulation of Evidence.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 for the alleged deprivation of their rights, privileges and immunities guaranteed by the Constitution and laws of the United States.

In Count I, plaintiffs challenge the constitutionality of the Powder Springs Alco-

hol Beverage Ordinance on the grounds that Section 5–113, which generally prohibits the issuance of licenses for locations within 300 feet of a residence, provides no notice to an applicant or guidance to the Mayor and Council as to the circumstances under which they may exercise their discretion and nonetheless grant a license.

In Count II, plaintiffs allege that the Mayor and Council of Powder Springs denied them due process and equal protection of the law in ruling on their alcohol beverage permit applications. Plaintiffs seek a mandatory injunction, requiring defendant to issue the licenses for which they have applied.

In Count III, plaintiffs seek an award for damages for lost profits resulting from defendant's unconstitutional denial of their applications. Plaintiffs also seek an award of attorneys fees under 42 U.S.C. § 1988.

Plaintiffs presently seek summary judgment on Counts I and II of their complaint.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c), Fed.R.Civ.P., defines the standard for summary judgment: Courts should grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the Supreme Court interpreted Rule 56(c) to require the moving party to demonstrate that the nonmoving party lacks evidence to support an essential element of his claim. Thus, the movant's burden is easily "discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Once the movant has met this burden, the opposing party must then present evidence establishing a material issue of fact. *Id.* The nonmoving party must go beyond the pleadings and submit evidence in the form of affidavits, depositions, admissions and the like, to demonstrate that a genuine issue of material fact does exist. *Id.* The Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), "that the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If he does so, there is a genuine issue of fact that requires a trial."

## III. THE POWDER SPRINGS ALCOHOL BEVERAGE ORDINANCE

Plaintiffs' due process challenge to the constitutionality of § 5–113 of the Powder Springs' Alcohol Beverage Ordinance is twofold. Plaintiffs first argue that the Ordinance is unconstitutional because it fails to provide adequate notice of standards for the issuance of beer and wine licenses for a location within 300 feet of a residential property line. Plaintiffs argue that the failure to set forth these clear standards deprived them of adequate notice in violation of the due process clause. The plaintiffs also argue that the Powder Springs City Council has arbitrarily delegated its licensing authority to residents opposed to the issuance of such license. Plaintiffs maintain that this delegation constitutes a gross abuse of discretion by the County Commissioners in violation of the due process clause.

To invoke the protections of the due process clause a person must possess a constitutionally protectable property interest. *See Durham v. Jones*, 698 F.2d 1179, 1181 (11th Cir.1983). A constitutionally protectable property interest can arise by reason of a contract, statute, ordinance, or mutually recognized entitlement. *See Scoggins v. Moore*, 579 F.Supp. 1320, 1325 (N.D.Ga.1984), *aff'd without opinion*, 747 F.2d 1466 (11th Cir.1984). State law determines the sufficiency of the property interest. *Id.*

O.C.G.A. § 3–3–2 vests the granting of beer and wine licenses in the discretion of the local governing authority. It also mandates that when the local authority decides to grant licenses, it must do so according to ascertainable standards. *Id.* This section, however, does not in itself create a protectable property interest be-

cause it merely requires the promulgation of standards for the issuance of a malt beverage license. Once the governing authority promulgates an ordinance, which outlines the standards for issuance of a malt-beverage license, applicants possess a protectable property interest. *See Scoggins,* 579 F.Supp. at 1325, *citing Durham,* 698 F.2d at 1181. Because plaintiffs in the present case challenge the standards for the issuance of the malt-beverage license, and not defendant's failure to promulgate such standards, plaintiffs possess a protectable property interest that may be the basis for a due process claim. Therefore, minimal procedural due process guarantees found in the Fourteenth Amendment are applicable to the Powder Springs Ordinance. *Id.*

The procedural due process requirement in the context of beer and wine licensing is two-fold: (1) the licensing authority must give an applicant adequate notice of the standards he must satisfy to obtain a license, and (2) it must accord the applicant due process in the application of those standards through a fair hearing. *Hornsby v. Allan,* 326 F.2d 605, 608 (5th Cir.1964); *Kwon v. Cobb County, Georgia,* Civil Action No. 81–1328A (Order filed March 26, 1982) (Hall, J.), *citing Sandbach v. City of Valdosta,* 526 F.2d 1259, 1260 (5th Cir. 1976). If the licensing board's action is without any reasonable basis derived from the standards announced or the evidence presented, it is arbitrary and violates the due process clause of the Fourteenth Amendment. *Id.*

■ In the present case, plaintiffs applied for a beer and wine license on three separate occasions. It is undisputed that the applications were in proper form and that hearings were conducted pursuant to the required advertisement. The official reasons given for denial of the licenses in the minutes of the third hearing indicate the City Council considered (1) the general welfare of the citizens in the area and (2) the opposition of the citizens in the area in denying plaintiffs' license applications.

While the general welfare of the community may be an appropriate consideration in issuing a beer and wine license, it may only be such a consideration when the ordinance gives the applicant notice that the general welfare of the community will be considered. *See Hagan v. Faircloth,* 532 F.Supp. 187, 189 (M.D.Ga.1981). In the present case, the Powder Springs Ordinance does not give the applicant notice that the general welfare of the community will be considered as a ground for denying the beer and wine license application when the location is within 300 feet of a private residence. The Powder Springs Ordinance provides no guidance or notice as to when the Board may exercise its discretion to grant licenses within 300 feet of residential property in violation of the due process clause of the Fourteenth Amendment.

■ Moreover, whether pursuant to specific statute or *de facto* practice, the granting of applications based on public opposition is an unconstitutional due process and equal protection violation. In *Bozik v. Cobb County,* 240 Ga. 537, 242 S.E.2d 48 (1978), the Georgia Supreme Court declared an ordinance unconstitutional which stated:

> No license hereunder shall be issued to any location which is within 300 feet [sic] radius of a property line of a private residence if such resident shall appear at the hearing on applicant's license and object to the issuance of the license. This section shall not apply to residences located within commercial zones.

*Id.*

In finding this ordinance unconstitutional, the Georgia Supreme Court held that "such an arbitrary delegation [of its licensing authority] constitutes a gross abuse of discretion by the county commissioners and as such denies the applicant due process of law." 240 Ga. at 538, 242 S.E.2d 48. The court when on to add that: "Although the citizens may voice their objections, the commissioners as local elected officials must exercise the authority vested in them by the General Assembly to determine whether [an applicant] is entitled to the license under the rules and regulations set out in the ordinances. They may not abdicate that responsibility to others." *Id.*

Cobb County subsequently revised its ordinance to provide standards for the Board of Commissioners' exercise of their discretion when a license application was within 300 feet of a private residence. However, the Board's failure to adhere to these standards and continued reliance on community opposition as a ground for denying the application was found unconstitutional in *Kwon v. Cobb County, Georgia,* Civil Action No. 81–1328A (March 26, 1982) (Hall, J.). Therefore, consideration of public opposition as the ground for denying a liquor license application is, whether pursuant to an ordinance or by *de facto* practice, an unconstitutional delegation of the licensing board's authority. In the present case, defendant's consideration of public opposition as a ground for denying plaintiffs' liquor license application constitutes both a due process and equal protection violation. *Id.*

For the above reasons, the Court finds the Powder Springs Ordinance to be unconstitutional as alleged in Count I of plaintiffs' complaint. The Court also finds that defendant's action in denying plaintiffs' applications constituted due process and equal protection violations as alleged in Count II of plaintiffs' complaint. Therefore, the Court GRANTS plaintiffs' Motion for Summary Judgment and consequently DENIES defendant's Motion for Summary Judgment on these grounds.

## IV. REMEDIES

■ The Court has granted plaintiffs' Motion for Summary Judgment on the grounds that § 5–113 of the Powder Springs Ordinance is invalid in its present form. Rendering an ordinance invalid, however, does not mean that this Court must also grant plaintiffs' motion, seeking a mandatory injunction ordering that defendant, its Mayor, and Council issue plaintiffs the permits for which they have applied. *See Sandbach v. City of Valdosta,* 526 F.2d at 1259; *Atlanta Bowling Center, Inc. v. Allen,* 389 F.2d 713, 716 (5th Cir.1968).

Even though this court finds § 5–113 of the existing ordinance to be unconstitutional, it will allow the City Council time to amend its ordinance. *Johnson v. Brown,* 584 F.Supp. 510, 512 (M.D.Ga.1984). The Council may amend § 5–113(1) to provide ascertainable standards for the exercise of its discretion when the applicant is within 300 feet of a residence; or (2) to omit the discretionary option altogether; or (3) to amend with any other provision consistent with constitutional due process standards. The Court will issue an order enjoining the City Council from failing to issue a beer and wine license to plaintiffs *unless* defendant amends its ordinance so that it is constitutionally valid and acts upon plaintiffs' application pursuant to the amended ordinance with sixty (60) days from entry of this order. The ordinance and defendant's action pursuant to the ordinance will be subject to review by the Court as to their constitutionality on application of plaintiffs, if necessary. *Id.*

## V. CONCLUSION

In sum, the Court GRANTS plaintiffs' Motion for Summary Judgment and DENIES defendant's Motion for Summary Judgment on the grounds that the existing Ordinance is unconstitutional. The Court, however, will allow defendant sixty (60) days from the entry date of this Order to enact an ordinance which defines the standards the Council will follow in exercising its discretion and to act upon plaintiffs' application within this period. The clerk IS DIRECTED TO RESUBMIT this case on September 29, 1989, for a determination of whether an injunction should issue.

SO ORDERED.