**Sammie Lee GATES, Plaintiff,**

v.

**Betty CHADWICK, et al., Defendants.**

**Civ. A. No. 93-7-VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Feb. 10, 1993.

Olin Wayne Ellerbee, Valdosta, GA, for plaintiff.

William A. Turner, Jr., Valdosta, GA, for defendants.

## ORDER

OWENS, District Judge.

On January 19, 1993, this court held a show-cause hearing as to why defendants should not be permanently enjoined from refusing to grant plaintiff a beer and wine license. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## FACTS

Plaintiff Sammie Lee Gates owns a gameroom in Lakeland, Georgia. He has applied for a municipal license to sell beer and wine for consumption on the premises on four occasions, and each application has been denied by defendants. He asserts that he meets all criteria required for a beer and wine license and that defendants' denial of his application violates his rights to due process.

## DISCUSSION

■ There are two requirements for procedural due process in the context of beer and wine licensing:

(1) the licensing authority must give an applicant adequate notice of the standards he must satisfy to obtain a license, and

(2) it must accord the applicant due process in the application of those standards through a fair hearing.

*McCollum v. City of Powder Springs*, 720 F.Supp. 985, 989 (N.D.Ga.1989) (citing *Hornsby v. Allen*, 326 F.2d 605 (5th Cir. 1964)). If the licensing board denies a license to an applicant without any reasonable basis derived from the standards announced or the evidence presented, then the denial is arbitrary and violates due process. *Id.*

■ In this case, defendants have raised two grounds upon which to base their denial of plaintiff's application. The first ground is based upon the following Lakeland ordinance:

No beer or wine license for consumption on the premises shall be granted to any person unless the entire business premises of the proposed location is situated beyond one hundred (100) yards from the property line of any church....

It is clear that this ordinance meets the notice requirement of due process.

Defendants presented testimony at the hearing that a church building is located within 100 yards of plaintiff's business; therefore, they contend that the City has a reasonable basis for denying plaintiff's beer license.

However, plaintiff has established that this "church" has not functioned as a church for a long period of time. There is not even electric power connected to the building. Furthermore, this court inspected the "church" in question and found it to be completely run down. There is nothing to indicate that it functions as a church in any capacity.

The fact that plaintiff's business is within 100 yards of this "church" is not a reasonable ground upon which to base the City's denial of a beer license. In order for the City to use this ordinance as a basis for denying a beer license, the church must be a functioning entity. To apply it as defendants have in this case distorts the meaning and purpose of the ordinance and violates plaintiff's rights to due process.

■ As a second reason for denying plaintiff's beer license, defendants have offered evidence that plaintiff has two prior misdemeanor convictions. Plaintiff received these convictions (gambling and carrying a deadly weapon) nearly twenty years ago.

No Lakeland ordinance pertaining to the requirements for obtaining a beer license provides that past misdemeanors can form a basis for denying a beer license. However, a rule of the Georgia Department of Revenue provides that the State Revenue Commissioner has the discretion to deny a liquor license to an applicant who has a prior misdemeanor, if the granting of the license would be "contrary to the public interests and welfare." Rule 560–2–2–.09.

Defendants claim that the following provision of the City Ordinances of Lakeland gives them the same discretionary authority in denying a municipal liquor license as that held by the State Revenue Commissioner in denying a state liquor license:

> The city will issue licenses for the sale of beer and wine, and regulate the sale and taxation of same, strictly in accordance with all state laws and regulations of the state revenue department, as now exist or may hereafter be amended and modified, and in accordance with the provisions set out in this division.

Article III, Section 4–54.

The court is unpersuaded by defendants' argument. The rules of the Georgia Department of Revenue governing the issuance of state liquor licenses apply *only* to the issuance of state liquor licenses. These rules have no relation to the issuance of municipal liquor licenses.

In addition, section 4–54 of the Lakeland City Ordinances merely states that the city will issue licenses in accordance with state law. The ordinance is unambiguous, and it does not contain even a remote implication that the City has given itself the same discretionary authority as that held by the State Revenue Commissioner. Therefore, there is no notice in the Lakeland City Ordinances that a person's past misdemeanor convictions can be used as a basis for a denial of a beer license, and the City's use of such in this case denied plaintiff his rights to due process.

Hence, since defendants had no legitimate basis for denying plaintiff a beer license, their denial was arbitrary and violated plaintiff's rights to due process. Accordingly, plaintiff's motion for a preliminary and permanent injunction is GRANTED. Defendants are permanently ENJOINED from refusing to deny plaintiff the beer and wine license which he seeks in his complaint.

SO ORDERED.