**F I L E D**

# UNITED STATES COURT OF APPEALS

**AUG 7 1997**

# TENTH CIRCUIT

WAL-MART STORES, INC., dba
Sam's Club #6430,

      Plaintiff-Appellant,

v.

CITY OF CHEYENNE; CITY
COUNCIL FOR THE CITY OF
CHEYENNE,

      Defendants-Appellees.

No. 96-8080
(D.C. No. 95-CV-276-D)
(D. Wyo.)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **TACHA,** Circuit Judges.

Wal-Mart Stores, Inc., d/b/a Sam's Club, sued the City of Cheyenne and its
City Council in state court, asserting constitutional and state law claims arising
out of Cheyenne's decision to deny WalMart a retail liquor license.  Cheyenne
removed the action to federal court and moved for judgment on the pleadings,

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

which the district court granted. We affirm the district court's ruling with respect to the constitutional claims, and we remand the state law claims with instructions to dismiss them without prejudice.[1]

The facts are essentially undisputed. Wal-Mart began its attempts to obtain a retail liquor license in Cheyenne in 1994. It first applied for a recently-expired license that had been held by a restaurant. When that application was denied, it applied for a new license that had become available due to a population change. This license was ultimately given to another applicant. During the proceedings pertaining to this application, two unidentified Council members asked Wal-Mart whether it had attempted to purchase a retail liquor license from another holder in Cheyenne. Wal-Mart thereupon arranged to purchase a retail liquor license from

---

[1]        A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). We review the sufficiency of a complaint *de novo*, and will uphold dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." We must accept all well-pleaded allegations in the complaint as true and "construe them in the light most favorable to the plaintiff."

Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 528-29 (10th Cir. 1992) (citations omitted). Although the record reflects that some material outside the pleadings may have been submitted to and not excluded by the district court, both parties assert on appeal that the district court's disposition of the suit was made under Rule 12(c), and we therefore treat it as such. Accordingly we do not consider material outside the pleadings.

another establishment and submitted an application to transfer the ownership and location of this license. The Council denied Wal-Mart's application without giving any reasons. Wal-Mart then filed this suit alleging that it was entitled to relief under state law in several regards, and that Cheyenne had deprived it of substantive due process under 42 U.S.C. § 1983.

Wal-Mart contends the Council's decision to deny it a liquor license was arbitrary and capricious and thereby violated Wal-Mart's substantive due process rights. Wal-Mart asserts it was entitled to substantive due process protection when applying to transfer the purchased liquor license because it had a property interest in the approval of that application.[2] Wal-Mart first argues that such a property interest is created by the liquor statutes and ordinances governing applications to obtain new licenses, renew licenses, and transfer licenses. As the district court pointed out, however, these provisions do not state that fulfillment of specified conditions assures approval of an application. See Aplt. App. at 135-36 (discussing WYO. STAT. ANN. § 12-4-104(b) (Michie 1986) (a license shall not be issued, renewed, or transferred if one of five factors is present) and CHEYENNE, WYO., CODE art. II, § 4-21 (City has discretionary authority to issue

---

[2]Although the pleadings allege only that Wal-Mart was denied substantive due process, Wal-Mart has upon occasion in these proceedings asserted a denial of procedural due process as well. Given our conclusion infra that Wal-Mart has failed to establish a property interest, Wal-Mart's procedural due process claim fails as well. See Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).

licenses to those it deems proper recipients)).  Absent a provision under which an applicant has a legitimate claim of entitlement to a license when specified conditions are met, an entity's failure to follow its own procedures does not give rise to a due process violation.  Jacobs, Visconti & Jacobs v. City of Lawrence, 927 F.2d 1111, 1116 (10th Cir. 1991).  A promise to follow certain procedural steps in considering an application does not of itself create a property interest in that application, Bunger v. University of Okla. Bd. of Regents, 95 F.3d 987, 991 (10th Cir. 1996), nor does a requirement that application decisions be reasonable, Jacobs, 927 F.2d at 1116.[3]

Wal-Mart also contends it has a constitutionally protected property interest because of its ownership of the existing license.  This assertion puts the cart before the horse.  While Wal-Mart may have an item of value that is transferrable under state law, that item is not the right to sell liquor, but only the right to apply

---

[3] In view of the authority from this circuit set out above, Wal-Mart's reliance on Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964), is misplaced.  The court in Hornsby held that the denial of a liquor license deprived the plaintiff of her due process rights even though under state law a liquor license was a privilege and not a right.  Id. at 609-10.  The Fifth Circuit has indicated that Hornsby is of doubtful continuing vitality, see Atlanta Bowling Ctr., Inc. v. Allen, 389 F.2d 713 (5th Cir. 1968), and has refused to extend it to zoning cases, see South Gwinnett Venture v. Pruitt, 491 F.2d 5, 7 n.1 (5th Cir. 1974).  No recent circuit case has relied on Hornsby as Wal-Mart asks this court to do, and the viability of its holding is doubtful in light of the legion of more recent cases stating that failure to follow procedures does not violate due process if no property interest is involved.

for the right to sell liquor. The bootstrap argument posed by Wal-Mart would in effect eliminate the application process entirely with respect to transfer applications, a result directly at odds with state law.

Finally, Wal-Mart asserts it has a property interest based on the queries by two Council members concerning Wal-Mart's efforts to purchase an existing license. Wal-Mart contends these comments created an implied agreement between it and the Council that if Wal-Mart did purchase an existing license, the Council would approve Wal-Mart's application to transfer the license. The district court held that state law does not provide for the creation of a contract giving rise to a property interest in these circumstances, and we agree. "The members of a board cannot act as individuals to bind an agency because the board must act as a body to validly act for and obligate the agency by an express contract." Robert W. Anderson Housewrecking & Excavating, Inc. v. Board of Trustees, 681 P.2d 1326, 1329-30 (Wyo. 1984). Even if the representations by the two Council members could be viewed as an implicit agreement that they personally would vote to approve the transfer application, those members could not bind the Council.

We accordingly conclude that Wal-Mart's pleadings, viewed most favorably

to it, fail to establish that it had a constitutionally protected property interest.[4]

We therefore affirm the district court's judgment for Cheyenne on the claims asserted under section 1983.

We turn now to Wal-Mart's claims that it is entitled to relief under various state law theories. The district court addressed these claims on the merits and dismissed them under Rule 12(c). We have held that when, as here, the federal claims are resolved prior to trial, the district court should usually decline to exercise jurisdiction over pendent state law claims and allow a plaintiff to pursue them in state court. See Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). We believe this general practice is particularly appropriate here. Liquor licensing is highly regulated by the state and is a matter of particular state concern. We therefore reverse the dismissal with prejudice of the state law claims and remand with instructions to remand them to state court. Carnegie-Mellon Univ. v. Cohill,

---

[4]"Authority in this circuit is unclear on what interest is required to trigger substantive due process guarantees." Jacobs, Visconti & Jacobs v. City of Lawrence, 927 F.2d 1111, 1119 (10th Cir. 1991) (comparing cases). What is clear, however, is that Wal-Mart's asserted interest in a liquor license "bears 'little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution.'" Lehman v. City of Louisville, 967 F.2d 1474, 1476 n.2 (10th Cir. 1992) (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985)).

484 U.S. 343, 357 (1988).[5]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[5]In light of our disposition, we deny Wal-Mart's Motion to Certify Questions of State Law.